Edward M. Lieberman, Esq. Deputy Town Attorney, Greenburgh
I am writing in response to your request for an opinion as to whether one person may simultaneously hold the office of town councilman in one town, and be a deputy town attorney in a neighboring town.
Your letter indicates that one of Greenburgh's deputy town attorneys is a resident of a neighboring town. This individual is now considering running for the office of councilman of the town in which he resides.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
In the immediate case, because the positions are in different towns, there is no problem with one position being subordinate to the other. Nor do we find any inherent inconsistencies in the two positions. Absent any litigation between the two towns, we see no reason why a single person could not faithfully execute the duties of both offices. If, however, a situation does arise which would require a choice by the individual between divergent interests, the individual would have to recuse himself from acting, to avoid the conflict.
Accordingly, we conclude that one person may simultaneously hold the offices of town councilman for one town and deputy town attorney in another town, provided he otherwise satisfies the requirements for each office.